1

CENTER FOR DISABILITY ACCESS
Amanda Seabock, Esq., SBN 289900
Prathima Price, Esq., SBN 321378
Dennis Price, Esq., SBN 279082
Mail: 8033 Linda Vista Road, Suite 200
San Diego, CA 92111
(858) 375-7385; (888) 422-5191 fax
amandas@potterhandy.com

2

3

4

5

Attorneys for Plaintiff

6

7

8               UNITED STATES DISTRICT COURT
              NORTHERN DISTRICT OF CALIFORNIA

9

10   **Brian Whitaker**                          | **Case No**.

11          Plaintiff,

12       v.                                       | **Complaint For Damages And Injunctive Relief For Violations Of:** Americans With Disabilities Act; Unruh Civil Rights Act

13   **Na Hoku, Inc.,** a Hawaii Corporation

14

15          Defendants.

16

17       Plaintiff Brian Whitaker complains of Na Hoku, Inc., a Hawaii

18   Corporation; and alleges as follows:

19

20   **PARTIES:**

21   1. Plaintiff is a California resident with physical disabilities. He is

22   substantially limited in his ability to walk. He suffers from a C-4 spinal cord

23   injury. He is a quadriplegic. He uses a wheelchair for mobility.

24   2. Defendant Na Hoku, Inc. owned The Pearl Factory located at or about

25   271 Jefferson St, San Francisco, California, in October 2020.

26   3. Defendant Na Hoku, Inc. owns The Pearl Factory ("Store") located at or

27   about 271 Jefferson St, San Francisco, California, currently.

28   4. Plaintiff does not know the true names of Defendants, their business

1

Complaint

1   capacities, their ownership connection to the property and business, or their

2   relative responsibilities in causing the access violations herein complained of,

3   and alleges a joint venture and common enterprise by all such Defendants.

4   Plaintiff is informed and believes that each of the Defendants herein is

5   responsible in some capacity for the events herein alleged, or is a necessary

6   party for obtaining appropriate relief. Plaintiff will seek leave to amend when

7   the true names, capacities, connections, and responsibilities of the Defendants

8   are ascertained.

9

10   **JURISDICTION & VENUE:**

11   5.   The Court has subject matter jurisdiction over the action pursuant to 28

12   U.S.C. § 1331 and § 1343(a)(3) & (a)(4) for violations of the Americans with

13   Disabilities Act of 1990, 42 U.S.C. § 12101, et seq.

14   6.   Pursuant to supplemental jurisdiction, an attendant and related cause

15   of action, arising from the same nucleus of operative facts and arising out of

16   the same transactions, is also brought under California's Unruh Civil Rights

17   Act, which act expressly incorporates the Americans with Disabilities Act.

18   7.   Venue is proper in this court pursuant to 28 U.S.C. § 1391(b) and is

19   founded on the fact that the real property which is the subject of this action is

20   located in this district and that Plaintiff's cause of action arose in this district.

21

22   **FACTUAL ALLEGATIONS:**

23   8.   Plaintiff went to the Store in October 2020 with the intention to avail

24   himself of its goods and to assess the business for compliance with the

25   disability access laws.

26   9.   The Store is a facility open to the public, a place of public

27   accommodation, and a business establishment.

28   10. Unfortunately, on the date of the plaintiff's visit, the defendants failed

Complaint

1  to provide wheelchair accessible sales counters in conformance with the ADA

2  Standards as it relates to wheelchair users like the plaintiff.

3      11. The Store provides sales counters to its customers but fails to provide

4  any wheelchair accessible sales counters.

5      12. A problem that plaintiff encountered was that the sales counters were

6  too high. Meanwhile, none of the lowered areas near the sales counters were

7  used for transactions. Indeed, plaintiff was helped at a higher counter. The

8  lowered sections were used for merchandise displays and decorations.

9      13. Plaintiff believes that there are other features of the sales counters that

10  likely fail to comply with the ADA Standards and seeks to have fully compliant

11  sales counters for wheelchair users.

12     14. On information and belief, the defendants currently fail to provide

13  wheelchair accessible sales counters.

14     15. These barriers relate to and impact the plaintiff's disability. Plaintiff

15  personally encountered these barriers.

16     16. As a wheelchair user, the plaintiff benefits from and is entitled to use

17  wheelchair accessible facilities. By failing to provide accessible facilities, the

18  defendants denied the plaintiff full and equal access.

19     17. The failure to provide accessible facilities created difficulty and

20  discomfort for the Plaintiff.

21     18. The defendants have failed to maintain in working and useable

22  conditions those features required to provide ready access to persons with

23  disabilities.

24     19. The barriers identified above are easily removed without much

25  difficulty or expense. They are the types of barriers identified by the

26  Department of Justice as presumably readily achievable to remove and, in fact,

27  these barriers are readily achievable to remove. Moreover, there are numerous

28  alternative accommodations that could be made to provide a greater level of

3

Complaint

1    access if complete removal were not achievable.

2        20. Plaintiff will return to the Store to avail himself of its goods and to

3    determine compliance with the disability access laws once it is represented to

4    him that the Store and its facilities are accessible. Plaintiff is currently deterred

5    from doing so because of his knowledge of the existing barriers and his

6    uncertainty about the existence of yet other barriers on the site. If the barriers

7    are not removed, the plaintiff will face unlawful and discriminatory barriers

8    again.

9        21. Given the obvious and blatant nature of the barriers and violations

10   alleged herein, the plaintiff alleges, on information and belief, that there are

11   other violations and barriers on the site that relate to his disability. Plaintiff will

12   amend the complaint, to provide proper notice regarding the scope of this

13   lawsuit, once he conducts a site inspection. However, please be on notice that

14   the plaintiff seeks to have all barriers related to his disability remedied. See

15   *Doran v. 7-11*, 524 F.3d 1034 (9th Cir. 2008) (holding that once a plaintiff

16   encounters one barrier at a site, he can sue to have all barriers that relate to his

17   disability removed regardless of whether he personally encountered them).

18

19   **I. FIRST CAUSE OF ACTION: VIOLATION OF THE AMERICANS**

20   **WITH DISABILITIES ACT OF 1990** (On behalf of Plaintiff and against all

21   Defendants.) (42 U.S.C. section 12101, et seq.)

22       22. Plaintiff re-pleads and incorporates by reference, as if fully set forth

23   again herein, the allegations contained in all prior paragraphs of this

24   complaint.

25       23. Under the ADA, it is an act of discrimination to fail to ensure that the

26   privileges, advantages, accommodations, facilities, goods and services of any

27   place of public accommodation is offered on a full and equal basis by anyone

28   who owns, leases, or operates a place of public accommodation. See 42 U.S.C.

4

Complaint

§ 12182(a). Discrimination is defined, inter alia, as follows:

    a.  A failure to make reasonable modifications in policies, practices, or procedures, when such modifications are necessary to afford goods, services, facilities, privileges, advantages, or accommodations to individuals with disabilities, unless the accommodation would work a fundamental alteration of those services and facilities. 42 U.S.C. § 12182(b)(2)(A)(ii).

    b.  A failure to remove architectural barriers where such removal is readily achievable. 42 U.S.C. § 12182(b)(2)(A)(iv). Barriers are defined by reference to the ADA Standards.

    c.  A failure to make alterations in such a manner that, to the maximum extent feasible, the altered portions of the facility are readily accessible to and usable by individuals with disabilities, including individuals who use wheelchairs or to ensure that, to the maximum extent feasible, the path of travel to the altered area and the bathrooms, telephones, and drinking fountains serving the altered area, are readily accessible to and usable by individuals with disabilities. 42 U.S.C. § 12183(a)(2).

24. When a business provides facilities such as sales or transaction counters, it must provide accessible sales or transaction counters.

25. Here, accessible sales or transaction counters have not been provided in conformance with the ADA Standards.

26. The Safe Harbor provisions of the 2010 Standards are not applicable here because the conditions challenged in this lawsuit do not comply with the 1991 Standards.

27. A public accommodation must maintain in operable working condition those features of its facilities and equipment that are required to be readily accessible to and usable by persons with disabilities. 28 C.F.R. § 36.211(a).

Complaint

28. Here, the failure to ensure that the accessible facilities were available and ready to be used by the plaintiff is a violation of the law.

**II. SECOND CAUSE OF ACTION: VIOLATION OF THE UNRUH CIVIL RIGHTS ACT** (On behalf of Plaintiff and against all Defendants.) (Cal. Civ. Code § 51-53.)

29. Plaintiff repleads and incorporates by reference, as if fully set forth again herein, the allegations contained in all prior paragraphs of this complaint. The Unruh Civil Rights Act ("Unruh Act") guarantees, inter alia, that persons with disabilities are entitled to full and equal accommodations, advantages, facilities, privileges, or services in all business establishment of every kind whatsoever within the jurisdiction of the State of California. Cal. Civ. Code §51(b).

30. The Unruh Act provides that a violation of the ADA is a violation of the Unruh Act. Cal. Civ. Code, § 51(f).

31. Defendants' acts and omissions, as herein alleged, have violated the Unruh Act by, inter alia, denying, or aiding, or inciting the denial of, Plaintiff's rights to full and equal use of the accommodations, advantages, facilities, privileges, or services offered.

32. Because the violation of the Unruh Civil Rights Act resulted in difficulty, discomfort or embarrassment for the plaintiff, the defendants are also each responsible for statutory damages, i.e., a civil penalty. (Civ. Code § 55.56(a)-(c).)

**PRAYER**:

Wherefore, Plaintiff prays that this Court award damages and provide relief as follows:

Complaint

1.  For injunctive relief, compelling Defendants to comply with the Americans with Disabilities Act and the Unruh Civil Rights Act. Note: the plaintiff is not invoking section 55 of the California Civil Code and is not seeking injunctive relief under the Disabled Persons Act at all.

2.  Damages under the Unruh Civil Rights Act, which provides for actual damages and a statutory minimum of $4,000 for each offense.

3.  Reasonable attorney fees, litigation expenses and costs of suit, pursuant to 42 U.S.C. § 12205; and Cal. Civ. Code §§ 52.

Dated: October 29, 2020          CENTER FOR DISABILITY ACCESS

By: _____

Amanda Seabock, Esq.
Attorney for plaintiff

Complaint